UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

ANTHONY CURRA           :
                        :
        Plaintiff,      :       CIVIL ACTION - LAW
                        :
  - against -           :
                        :
COUNTRY CLUB OF SCRANTON :
                        :       JURY TRIAL
                        :       DEMANDED
        Defendant       :

## COMPLAINT

This Complaint stems from the abrupt and unlawful end of Anthony Curra's twenty-two year career with the Country Club of Scranton. In January 2009, after serving the Country Club of Scranton for twenty-two years, Mr. Curra was fired without notice and without cause when the Country Club of Scranton Board of Directors decided to get rid of some of the "older help" in the kitchen.

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) because all defendants reside in this State and some of the defendants reside in this judicial district, and because a substantial part of

the events or omissions giving rise to the claim occurred in this judicial district.

2.  Plaintiff Anthony Curra (hereinafter "Mr. Curra") is an adult individual residing at 117 Fox Run Circle, South Abington Township, PA 18411.

3.  Defendant Country Club of Scranton (hereinafter "CCS") is a Pennsylvania corporation with a place of business at 1001 Morgan Highway, Clarks Summit, PA 18411.

4.  Mr. Curra filed a Charge of Discrimination/Complaint against CCS with the Equal Employment Opportunity Commission and the Pennsylvania Human Relations Commission on or about April 29, 2009.

## STATEMENT OF FACTS

5.  Mr. Curra was hired by CCS on or about November 29, 1986 as a Line Cook.

6.  Over the course of the next twenty-two years, Mr. Curra worked his way up the ranks in CCS's dining operations.

7.  Mr. Curra assumed the duties of Executive Chef in 2004 when the preceding Executive Chef retired.  Mr. Curra performed those duties without incident until the day he was fired.

8. Mr. Curra was officially promoted to the position of Executive Chef in October, 2008.

9. Mr. Curra was last employed by CCS as Executive Chef.

10. Mr. Curra was born on 08/30/1954 and is over 40 years of age.

11. In October 2008, Charles Haskell (Haskell) became CCS's new General Manager and Mr. Curra's immediate supervisor.

12. In November 2008, Josh Henry was hired by CCS as a Line Cook. Upon information and belief, Josh Henry is under 40 years of age and is significantly younger than Mr. Curra. Josh Henry also has significantly less experience than Mr. Curra.

13. Mr. Curra served CCS as Executive Chef without incident through the 2008 holiday season, the busiest time of year for CCS dining operations due to the number of catered functions held.

14. CCS is normally closed during the month of January.

15. On January 16, 2009, Haskell, acting on behalf of CCS, fired Mr. Curra without warning or cause.

16. Upon information and belief, CCS targeted Mr. Curra for termination as part of a campaign to replace some of the "older help" in the CCS dining operations.

17. Upon information and belief, members of the CCS Board of Directors related their desire to replace said "older help" to Haskell, who fired Mr. Curra and replaced Mr. Curra with Josh Henry, a less experienced and substantially younger employee, as Executive Chef.

18. Throughout his career with CCS, Mr. Curra received no verbal or written reprimands related to his job performance and no complaints from CCS's patrons, members or staff about his job performance.

19. To the contrary, throughout his career with CCS, Mr. Curra regularly received accolades from CCS's patrons, members and staff regarding his performance and the CCS dining services.

20. CCS fired Mr. Curra solely so that it could replace him with a significantly younger Executive Chef.

## COUNT I
## FEDERAL CIVIL RIGHTS – AGE DISCRIMINATION

21. Paragraphs 1 through 20 are incorporated herein by reference as if set forth in full.

22. CSS's actions set forth above were discriminatory and constitute an unlawful employment practice in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. Section 621, et seq.

23. At the time these actions were taken by CSS, CSS knew or should have known that they were unlawful.

24. The actions of CSS were intentional, willful and calculated toward Mr. Curra and, as such, constitute willful violations of the ADEA, 29 U.S.C. Section 621, et seq.

25. The actions of CSS toward Mr. Curra, a member of the protected class under the ADEA, evidence a pattern and practice of discrimination in violation of the provisions of the ADEA, 29 U.S.C. Section 621, et seq.

26. As a result of CSS's actions and inactions, Mr. Curra has suffered, and continues to suffer substantial injuries and damage.

### COUNT II
### VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT

27. Paragraphs 1 through 26 are incorporated herein by reference as if set forth in full.

28. CCS's actions set forth above were discriminatory and constitute an unlawful employment practice in violation of the Pennsylvania Human Relations Act, 43 P.S. 951 et seq.

29. As a result of CCS's actions and inactions, Mr. Curra has suffered, and continues to suffer substantial injuries and damage.

WHEREFORE, Mr. Curra demands judgment as follows:

A. For Count One, an amount to be determined at trial, including back pay, front pay, liquidated damages, plus interest;

B. For Count Two, an amount to be determined at trial, including back pay, front pay, compensatory damages, plus interest;

B. For plaintiffs attorneys' fees, pursuant to 42 U.S.C. § 1988;

C. For the costs and disbursements incurred in this action; and

D. For such other and further relief as the Court deems just and proper.

_____
George R. Barron, Esq.
Attorney for Plaintiff
88 North Franklin St.
Wilkes-Barre, PA 18701
(570) 824-3088

## VERIFICATION

I hereby verify that the factual statements contained in this Complaint are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 Pa. C.S. §4904 relating to unsworn falsification to authorities.

Date: 2-15-2010

Anthony Curra